*Century State Bank,* 523 S.W.2d at 859, the agency is required to make findings of fact sufficient to allow an appellate court to perform the scope of review permitted. This requires the agency to make findings of fact on the contested issues presented to it. This court recently reaffirmed this principle in *St. John v. City of North Kansas City,* 690 S.W.2d 419 (Mo.App.1985).

 Here, the Board made the bare statement that Webb was absent without proper authorization. The inadequacy of this finding of fact in light of the issues presented to the Board is well demonstrated by the following excerpt from the Board's brief:

> Much of the result here depends upon the credibility of the testimony of witnesses before the Board, in particular that of Officer Webb on his claims of illness or injury; on his absences from duty; on his problems sitting and riding in the patrol vehicle; on his relations with his superiors; on his reasons for not submitting the required medical reports; and other such points. Some of his testimony was controverted or contradicted by testimony from the other witnesses and some by documentary evidence offered by Webb as well as by the department; some of it was by Webb himself in his inconsistent testimony, and some of his testimony was uncontroverted.

The Board urges that the circuit court's judgment be reversed because the action of the Board was supported by substantial evidence. However, Webb contends that he was unable to work and that the two reports from his physician were sufficient for the department to charge his absence as sick leave. The Board contends that the reports from Webb's physician did not comply with departmental rules. The finding of fact gives no clue as to what facts the Board did find as a result of this contested

issue. Without specific findings of fact on those issues, it is impossible to determine whether the action of the Board was supported by substantial evidence.[1]

The judgment reversing the action of the Board is affirmed and this cause is remanded to the circuit court with directions to remand this cause to the Board for further proceedings. The Board may reopen the hearing for additional evidence if it desires. *Century State Bank,* 523 S.W.2d 861[6].

All concur.

**Mackey R. SCHWANTZ, Employee-Claimant-Appellant,**

v.

**TRANS WORLD AIRLINES, INC., Employer, and Insurance Company of North America, Insurer-Joint Respondents.**

**No. WD 36625.**

Missouri Court of Appeals, Western District.

July 30, 1985.

James D. Worthington, Aull, Sherman, Worthington and Giorza, Lexington, for appellant.

Thomas Clinkenbeard, Kansas City, for respondents.

---

1. This court cannot help but wonder how long it will take agencies to realize the necessity to comply with the requirement that findings of fact must be made on all contested issues. Since at least *Michler v. Krey Packing Co.,* 363 Mo. 707, 253 S.W.2d 136 (banc 1952), courts have been writing that findings of fact on contested issues are necessary. When agencies some 30 years later fail to make findings of fact, the source of this court's wonder can be understood. It should be noted, however, that the Board's counsel on appeal did not represent the Board at the hearing stage.

Before NUGENT, P.J. and PRITCHARD and CLARK, JJ.

### ORDER

**PER CURIAM.**

Appeal from an award by the Labor and Industrial Relations Commission allowing compensation to appellant and the disallowance of medical expenses incurred by appellant.

Judgment affirmed. Rule 84.16(b).

All concur.

**STATE of Missouri, Respondent,**

v.

**Michael D. BEACH, Appellant.**

**No. 36241.**

Missouri Court of Appeals,
Western District.

July 30, 1985.

Michael Radosevich, Columbia, for appellant.

William L. Webster, Atty. Gen., Mark A. Richardson, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and SHANGLER and SOMERVILLE, JJ.

### ORDER

PER CURIAM:

Michael Beach appeals conviction on two counts of felonious stealing, section 570.-030, RSMo Supp.1984, and sentence of two concurrent terms of seven years imprisonment.

Judgment affirmed.

